YALLA M. REDDY AND BHAGYALAKSHMI M. REDDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reddy v. Commissioner
Docket No. 454-83.
United States Tax Court
T.C. Memo 1984-395; 1984 Tax Ct. Memo LEXIS 281; 48 T.C.M. (CCH) 667; T.C.M. (RIA) 84395; July 30, 1984. *281 Yalla M. Reddy, pro se. Randye R. Daser, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $4,593.90 and an addition to tax under section 6653(a) [1] in the amount of $229.69 in petitioners' joint 1980 Federal income tax. After concessions, the sole issue for determination is whether petitioners are entitled to a residential energy credit under section 44C(a)(2). [2]
*282 Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Columbia, South Carolina, when they filed their joint 1980 Federal income tax return and when they filed their petition in this case. On their return, petitioners claimed a residential energy credit for qualified renewable energy source expenditures. These expenditures related to the installation of three heat pumps in petitioners' primary residence. The heat pumps use 14 degrees Celsius ground water as the source of energy to heat the residence. Petitioners claim that the heat pumps are geothermal energy property. Although petitioners recognize that the heat pumps are not geothermal energy property as defined in section 1.44C-2(h), Income Tax Regs., they argue that this type of pump is more energy efficient than those permitted by the regulation and should, therefore, be included as geothermal energy property under the regulations. Section 44C(a)(2) generally provides that an individual taxpayer shall be allowed a credit for qualified renewable energy source expenditures. A renewable energy source *283 expenditure must be made with respect to renewable energy source property. Sec. 44C(c)(2)(A). Renewable energy source property specifically includes property which transmits or uses energy derived from geothermal deposits. Sec. 44C(c)(5). [3]
The Secretary of the Treasury is specifically authorized by the statute to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. Sec. 44C(c)(6)(A)(i). The Secretary has issued regulations for geothermal energy property and these regulations provide, in pertinent part: (h) Geothermal energy property. The term "geothermal energy property" includes equipment (and parts solely related to the functioning of such equipment) necessary to transmit or use *284 energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. * * * A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot spring (where no well is drilled), at the intake to the distribution system. [Sec. 1.44C-2(h), Income Tax Regs. Emphasis added.] The Supplementary Information relating to the regulations explained that the temperature limitation was included in the regulations as: It has been concluded that 50 degrees Celsius is an appropriate measure for determining whether heat is derived from geothermal reservoirs (heated by the earth's magma) or is derived from heat associated with ground water that is affected by atmospheric temperatures. [T.D. 7717, 1980-2 C.B. 7, 9.] Regulations promulgated pursuant to specific statutory authority are legislative in nature and are given great weight by this Court. Wing v. Commissioner,81 T.C. 17, 28 (1983). *285 Such legislative regulations must be sustained unless plainly inconsistent with the statute they are intended to implement. Olson v. Commissioner,81 T.C. 318, 323 (1983). In the instant case, the parties have stipulated that the expenditures relating to the heat pumps for which petitioners claim a residential energy credit use a source having a temperature of 14 degrees Celsius. The regulations require that geothermal energy property qualifying as renewable energy source property eligible for the residential energy credit transmit or use energy from a geothermal deposit and define a geothermal deposit, in part, as an underground source having a temperature exceeding 50 degrees Celsius. Sec. 1.44C-2(h), Income Tax Regs. The temperature limitation was included in the regulation in order to insure that only property transmitting or using geothermal as opposed to surface sources of energy qualifies as geothermal property. This regulation is clearly consistent with section 44C(c)(5)(A) which applies to energy derived from geothermal deposits. [4] The fact that heating and cooling systems which do not transmit or use energy derived from geothermal deposits may be more *286 energy efficient is irrelevant to a determination of whether expenditures relating to such property are qualified for the residential energy credit under section 44C(a)(2). On the basis of this record, we find that petitioners are not entitled to a residential energy credit for taxable year 1980. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue. ↩
2. Petitioners also dispute that portion of the addition to tax under sec. 6653(a) which is related to the underpayment resulting from the residential energy credit claimed by petitioners. Sec. 6653(a) provides, in pertinent part: If anypart of any underpayment * * * of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations * * *, there shall be added to the tax an amount equal to 5 percent of the underpayment. [Emphasis added.] Petitioners concede that part of the underpayment of their Federal income taxes for the taxable year 1980 is due to negligence or intentional disregard of rules and regulations. This automatically resolves the issue of the addition to tax under sec. 6653(a). The resolution of the residential energy credit issue only affects the amount of the addition to tax for negligence.↩
3. This property must be installed in connection with a dwelling for the purpose of heating or cooling or providing hot water or electricity for use in the dwelling, the original use must commence with the taxpayer, the property must reasonably be expected to remain in operation for five years, and the property must meet quality and performance standards prescribed by the Secretary. Sec. 44C(c)(5).↩
4. The section also applies to solar energy, wind energy, or any other form of renewable energy which the Secretary specifies by regulations. However, these alternatives are not at issue in the instant case.↩