ESTATE OF ANNA-MARIE MEYER, EDWIN L. MEYER, JR., EXECUTOR, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 23598–81.     Filed September 17, 1984.

---

[1] *United States v. Baggot*, 463 U.S. 476 (1983).
[2] *United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983).

*Edward J. Ledogar*, for the petitioner.
*Jody Tancer*, for the respondent.

WILES, *Judge*: Respondent determined a deficiency in decedent's Federal estate tax in the amount of $41,001.01. After concessions, the sole issue for decision is whether, when there are two or more transferors, the credit for Federal estate tax on prior transfers under section 2013[1] is to be computed separately with respect to the property received from each transferor.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Anna-Marie Meyer (hereinafter decedent) died on January 28, 1978. Edwin L. Meyer, Jr., Executor, resided in Durham, NC, at the time he filed the petition in this case.

Decedent's mother, Florence W. Doherr (Florence), died on January 12, 1975, and decedent inherited property valued at $32,047.90. The tax paid by decedent's mother's estate attributable to the property transferred to decedent was $2,435.25.

Decedent's father, Rudolph Doherr (Rudolph), died on August 13, 1975, and decedent inherited property valued at $399,538.20. The tax paid by decedent's father's estate attributable to the property transferred to decedent was $168,199.50.

Decedent's husband, Edwin L. Meyer (Edwin), died on September 3, 1975, and decedent inherited property valued at $79,301.38. The tax paid by decedent's husband's estate attributable to the property transferred to decedent was $2,474.90.

Decedent's Federal estate tax attributable to the property transferred from her mother's estate, her father's estate, and her husband's estate, is $161,911.88, apportioned as follows:

---

[1]All section references are to the Internal Revenue Code of 1954 as amended.

| Transferor | Decedent's tax as apportioned |
|---|---|
| Florence | $10,156.71 |
| Rudolph | 126,622.76 |
| Edwin | 25,132.41 |
| | 161,911.88 |

In the statutory notice of deficiency, respondent determined that decedent's estate was entitled to a credit for tax on prior transfers under section 2013 in the amount of $105,266.33 and not $132,921.60 as claimed on decedent's Federal estate tax return.

### OPINION

The only issue for decision is whether the credit for Federal estate tax previously paid with respect to a transfer of property passing to the decedent must be computed separately for each transferor.

Generally, section 2013 allows a credit for all or part of the estate tax paid with respect to the transfer of an interest in property to a decedent from a person (hereinafter the transferor) who died not more than 10 years before or 2 years after the decedent. Sec. 2013. The credit is for all or part of the estate tax paid by the transferor's estate which is attributable to property transferred to the decedent. Sec. 2013(b). The credit, however, is limited to the amount of Federal estate tax that is attributable to the transferred property in the decedent's estate; i.e., the difference between decedent's estate tax computed by including the value of the transferred property in the gross estate and decedent's estate tax computed by excluding the value of the transferred property from the gross estate. Sec. 2013(c)(1). The credit is then reduced by an applicable percentage in section 2013(a), which depends upon the number of years that lapsed between the death of the transferor and the decedent. In the instant case, all transferors died within the third or fourth year preceding the decedent's death; thus pursuant to section 2013(a)(1) only 80 percent of the credit will be allowed.

The parties do not dispute that in the case of a single prior transfer, the potential credit is the lesser of the amount of Federal estate tax attributable to the transferred property in the transferor's estate (the credit) or the amount of Federal

estate tax attributable to the transferred property in decedent's estate (the limitation). Sec. 20.2013-1(b), Estate Tax Regs. Nor do the parties dispute that when there are multiple transferors, the limitation is computed by aggregating the value of the properties transferred to the decedent. Sec. 2013(c)(2). The dispute in this case is, when the decedent has received property from multiple transferors, whether the credit and the limitation must be computed separately for each transferor by apportioning the limitation in accordance with the value of the property transferred to the decedent by each transferor.

Respondent's position, which is set out in the regulations, is that the limitation must be apportioned among the transferors so that the credit (section 2013(b)) and the limitation (section 2013(c)(1)) are computed separately for each transferor. Thus, as to each transferor, the potential credit will be the lesser of the estate tax attributable to the transferred property in the transferor's estate or that portion of the estate tax attributable to the transferred property in the decedent's estate. The lesser of the credit or limitation is then multiplied by the applicable percentage in section 2013(a) to determine the allowable credit. See sec. 20.2013–6, example (2), Estate Tax Regs. According to respondent's position, the decedent's credit is calculated as follows:

| Transferor | Amount transferred | Credit sec. 2013(b) transferor's tax attributable to property | Limitation sec. 2013(c) decedent's tax attributable to property | Lesser of A or B | Reduction percentage sec. 2013(a) | Credit |
|---|---|---|---|---|---|---|
| Florence | $32,047.90 | $2,435.25 | $10,156.71 | $2,435.25 | 80% | $1,948.20 |
| Rudolph | 399,538.20 | 168,199.50 | 126,622.76 | 126,622.76 | 80% | 101,298.20 |
| Edwin | 79,301.38 | 2,474.90 | 25,132.41 | 2,474.90 | 80% | 1,979.92 |
| | | | | | | 105,226.32 |

Respondent's computation of section 2013 credit is in conformity with section 20.2013–6, example (2), Estate Tax Regs.

Petitioner argues that the regulation does not harmonize with the statute and is therefore invalid. Petitioner asserts that in the case of multiple transferors, the credit is the lesser of the aggregate amount of tax paid by the transferors or the aggregate amount of tax attributable to the property in the decedent's estate. Petitioner maintains that in the case of multiple transferors, the limitation is only apportioned when

it is less than the aggregate amount of tax paid by the transferors, and then, only for purposes of applying the reduction percentage. However, in the present case, no apportionment is necessary because all three transferors died in the 80-percent category. According to petitioner's position, the decedent's credit is calculated as follows:

Credit (Sec. 2013(b))

| Transferor | Amount transferred | Transferor's tax attributable to property |
| --- | --- | --- |
| Florence | $32,047.90 | $2,435.25 |
| Rudolph | 399,538.20 | 168,199.50 |
| Edwin | 79,301.35 | 2,474.90 |
|  |  | 173,109.65 |

Limitation (Sec. 2013(c))

| | |
| --- | --- |
| Estate tax on all property in decedent's estate ................ | $183,858.60 |
| Estate tax excluding the value of all prior transfers ........ | 21,946.71 |
| Decedent's estate tax attributable to transferred property.. | 161,911.89 |
| Potential credit | |
| Lesser of credit or limitation ..................................... | 161,911.89 |
| Reduction percentage.................................................... | 80% |
| Credit ........................................ | 129,529.51 |

The Treasury has broad authority to promulgate all necessary regulations. Sec. 7805(a); *United States v. Correll*, 389 U.S. 299, 306–307 (1967). The general rule regarding Treasury regulations is that they must be sustained unless they are unreasonable and plainly inconsistent with the statute. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948). Respondent's notice of deficiency is presumptively correct, and petitioner bears the burden of proving respondent's determination to be incorrect. Rule 142, Tax Court Rules of Practice and Procedure; *Welch v. Helvering*, 290 U.S. 111 (1933).

Quite simply, petitioner has failed to establish that the regulations are inconsistent with the statute or unreasonable. See *National Muffler Dealers Association v. United States*, 440 U.S. 472, 488 (1979). These regulations, in effect since June 23, 1958, are longstanding and comport with the language of the statute. Section 2013(a) and (b) refers only to "the transferor" or the "estate of the transferor." If Congress intended that in the case of multiple transferors the credit is to be computed by aggregating the tax paid on their estates, as petitioner

suggests, it could have so stated as it did with the limitation in section 2013(c)(2). Moreover, respondent's interpretation of the statute is supported by the legislative history. S. Rept. 1622, 83d Cong., 2d Sess. 464 (1954), states as follows:

If the credit provided for in section 2013 relates to property received from two or more transferors, a *separate* computation shall be made with respect to the estate tax paid by the estate of *each transferor* in applying the ratio provided for in subsection (b). However, subsection (c)(2) provides that in such case in determining the limitation under subsection (c)(1) the property transferred from each transferor shall be aggregated. The aggregate limitation thus computed is apportioned between the property received from each transferor in the ratio that the property received from each bears to the total property received from both transferors. The credit computed by the application of subsection (b) in the case of property received from each *transferor* is compared *separately* with the limitation under subsection (c) so apportioned in applying the provisions of this section separately with respect to the property received from *each transferor*. The percentages provided for in subsection (a) are to be applied separately with respect to the property received from each separate transferor. [Emphasis added.]

The Senate report clearly provides that a separate computation be made with respect to the estate tax paid by the estate of each transferor in applying section 2013(b). In so doing, the potential credit under section 2013(b) for each transferor is limited by the amount of decedent's estate tax which is apportioned to the property received from that transferor. Thus the percentage reduction is applied separately to the lower of the credit (computed separately for each transferor) or the limitation (apportioned in accordance with the value of property transferred to the decedent by each transferor). See S. Rept. 1622, 83d Cong., 2d Sess. 465–467 (1954).

Furthermore, respondent's interpretation is consistent with the legislative purpose for enacting the credit. Congress intended that the credit for estate tax on prior transfers would mitigate the impact of successive estate taxes within a short period of time.[2] If we were to accept petitioner's position, a decedent's estate could get a credit attributable to property received from a transferor whose estate did not pay tax, a result unintended by Congress. An example will illustrate the point. A and B died in 1982 leaving property of equal value to D. A's estate paid no estate tax, B's estate tax attributable to

---

[2]H. Rept. 1337, 83d Cong., 2d Sess. 90 (1954).

the property transferred to D was $1,000. D died in 1983. The tax attributable to both pieces of property in D's estate is $1,200, which is apportioned between the properties equally. Petitioner's interpretation of section 2013 would allow D a credit of $1,000, the lesser of the total tax paid by the transferors' estates ($1,000) or the total tax attributable to transferred property in D's estate ($1,200).[3] However, since A's estate paid no estate tax, D should not be permitted to get a credit for that portion of tax attributable to the property received from A.[4]

Accordingly, we hold section 20.2013-6, Estate Tax Regs., to be a reasonable interpretation of the statute, and that decedent must calculate the credit for Federal estate tax under section 2013 separately for each transferor.

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[3]See R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 3.05(4)(a), at 3-32 (5th ed. 1983).

[4]Under respondent's interpretation of sec. 2013, D would get a credit of $600, computed on the lesser of A's estate tax (0) or the tax attributable to A's property in D's estate ($600) and the lesser of B's estate tax ($1,000) or the tax attributable to B's property in D's estate ($600).