JUANITA B. RABENOLD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rabenold v. Commissioner
Docket No. 20430-84.
United States Tax Court
T.C. Memo 1985-309; 1985 Tax Ct. Memo LEXIS 326; 50 T.C.M. (CCH) 224; T.C.M. (RIA) 85309; June 25, 1985. E. Thornton Jackson, Jr. for the petitioner. Steven A. Wilson, for the respondent. PANUTHOS MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) [1] and submitted fully stipulated under Rule 122. [2] Respondent determined a deficiency of $1,340 in petitioner's 1980 Federal income tax. The sole issue for decision is whether petitioner's heat pump qualifies as renewable energy source property under section 44C thereby entitling petitioner to a residential energy credit for the taxable year 1980. [3]
*328 The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing her petition, petitioner resided in Jacksonville, Florida. In November 1980, petitioner purchased a heat pump system for heating and cooling her house. Petitioner's heat pump used ground water to cool or heat a refrigerant which then cooled or heated the house. The moving parts of the heat pump are described in the sales brochure as follows: (1) The compressor pumps the refrigerant through its cycle from the condenser to the evaporation coil. (2) The blower moves the air through the unit and the space to be conditioned. (3) The control center: Activating heating or cooling as required * * * The parties agree that the source of petitioner's heating and cooling system does not equal or exceed 50 degrees celsius (122 degrees Fahrenheit) as measured at the wellhead or at the intake to the distribution system. On her 1980 income tax return, petitioner claimed a residential energy credit of $1,340. Respondent disallowed petitioner's claimed credit because the water used in petitioner's heat pump did not qualify as a geothermal deposit. Section 44C(a)(2) *329 generally provides that a taxpayer is allowed a credit for renewable energy source expenditures. Renewable energy source property includes property which transmits or uses energy derived from geothermal deposits. Section 44C(c)(5)(A)(i). The regulations establish specific criteria which must be met for property to qualify as geothermal energy property. Section 44C(6)(A)(i); section 1.44C-2(h), Income Tax Regs.
These regulations provide that: The term "geothermal energy property" includes equipment * * * necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. * * *. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural spring (where no well is drilled), at the intake to the distribution system. Since petitioner's heat pump does not use water which is equal to or more than 50 degrees celsius at the wellhead, her heat pump does not *330 qualify as geothermal energy property under the regulations. The only remaining question is whether the regulations are valid. Congress specifically authorized the Secretary of the Treasury to issue regulations which establish criteria to be used in prescribing performance and qualify standards for renewable energy source property. Section 44C (c)(6)(A)(i). The regulations were promulgated pursuant to specific statutory authority and are legislative in nature. Peach v. Commissioner, 84 T.C.     (filed June 20, 1985). [4] The Treasury Secretary has broad authority to issue any necessary regultions, and generally, these regulations must be sustained unless they are unreasonable or plainly inconsistent with the statute. Section 7805(a); Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948); Estate of Meyer v. Commissioner,83 T.C. 350, 354 (1984). Legislative regulations are given even greater weight by this Court and will be sustained unless plainly inconsistent with the intent of Congress. Wing v. Commissioner,81 T.C. 17, 28 (1983); Olson v. Commissioner,81 T.C. 318, 323 (1983). *331 Petitioner argues that the temperature requirements are unreasonable and not what Congress intended. Petitioner claims that she saved energy of 50 percent for heating and 24 percent for cooling. From this she argues that since Congress was concerned with energy savings and her unit actually saved energy, it therefore qualifies for the credit. We have previously ruled on Congress's intent in enacting section 44C and have upheld the validity of Section 1.44C-2(h), Income Tax Regs.Peach v. Commissioner,supra.[5] Congress indicated what it meant by geothermal energy in the committee report that accompanied the passage of the Energy Tax Act of 1978, 92 Stat. 3175. The Senate Report states that geothermal equipment is equipment which is necessary to distribute or use geothermal steam and associated geothermal resources (as defined in sec. 2(c) of the Geothermal Steam Act of 1970; 30 U.S.C. sec. 1001(c) (1982)). As stated therein, geothermal reservoirs consist of natural heat stored in rocks or in an aqueous liquid or vapor (whether or not under pressure) including hot brine, dry heat, and hot water. S. Rept. No. 95-529, (1977), 1978-3 (Vol. *332 2) C.B. 199, 232. Therefore, the regulations do reflect the intent of Congress. Since petitioner has failed to demonstrate that the regulations are invalid or do not apply to her heat pump, we find petitioner is not entitled to a residential energy credit under section 44C(a)(2) for 1980. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable year in issue, unless otherwise indicated. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Sec. 44C has been redesignated as section 23 by section 471(c), Deficit Reduction Act of 1984, 98 Stat. 826. This change is effective for taxable years beginning after December 31, 1983. Section 475(a), Deficit Reduction Act of 1984, 98 Stat. 847.↩
4. See also Reddy v. Commissioner,T.C. Memo. 1984-395↩.
5. See also Reddy v. Commissioner,supra.↩