Appeal dismissed for lack of subject matter jurisdiction. The parties shall bear their own costs.

**ESTATE OF Anna Marie MEYER, Edwin L. Meyer, Jr., Executor, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 152, Docket 84–4184.**

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1985.

Decided Dec. 4, 1985.

Edward J. Ledogar, West Islip, N.Y., for petitioner-appellant.

Steven W. Parks, Atty., Tax Div., Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Attys., Tax Div., Washington, D.C., of counsel) for respondent-appellee.

Before VAN GRAAFEILAND, CARDAMONE and MINER, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the United States Tax Court, 83 T.C. 350 (Darrell D. Wiles, Judge) that considered whether pursuant to 26 U.S.C. § 2013 the credit for federal estate taxes paid by several transferors respecting property then passing into the hands of decedent must be computed separately for each transferor. The value of the appellant Anna Marie Meyer's Estate was greatly enhanced by property which she had received from the estates of her father, mother and husband, all of

whom had predeceased her within a two to four year period. Each of the three earlier estates paid federal estate taxes attributable to the property transferred to Anna Marie. Following Estate Tax Reg. § 20.-2013–6 the tax court judge concluded that the credit to which the Meyer Estate was entitled for federal estate taxes paid on the prior estates should be computed separately for property received from each transferor.

Appellant Edwin L. Meyer, Jr.—the son and executor of Anna Meyer, beneficiary of her estate, and the petitioner below—argues that the Commissioner of Internal Revenue's reading of Treasury Regulation § 20.2013 does not comply with the statute, 26 U.S.C. § 2013, under which it was promulgated.

When property included in an estate is derived from a prior transfer from another estate, § 2013(a) and (b) allows the recipient estate a credit for estate tax paid on the property by the donor estate. Section 2013(c), however, limits the credit to the amount by which the transferred property increases the estate tax liability of the recipient estate. In a case where there is but one transferor, the 2013(b) credit (called the "first limitation" in Treasury Reg. § 20.2013) and the 2013(c) limitation on credit (called the "second limitation" in Treasury Reg. § 20.2013) is easy to compute—it is the lesser of these two figures that is the actual credit available to the decedent's estate.

The Commissioner uses the same approach to property received from multiple transferors. In such cases, the first and second limitation figures for each individual transfer are computed. Next, the lesser of the two figures for each individual transfer is the one chosen. If the transferred properties are subject to different time factors (§ 2103(a)), then at this stage each separate chosen figure is multiplied by the time percentage. The products are added and their sum is the § 2013 credit. If there is a uniform time factor, as in this case, then the chosen figures are totalled immediately, and it is this total that is then multiplied by the relevant time factor.

Appellant acknowledges that the Commissioner's approach is appropriate when an estate has received property only from one transferor. But he argues for a different approach when an estate has received properties from more than one source. Under appellant's reading of § 2013(b), the credit for property received from each transferor is first separately computed. After separate calculation and application of the time delay percentages, the resulting credits are totalled creating one aggregate 2013(b) credit. This credit is compared with the 2013(c) limitation which is computed by deducting the total estate tax liability attributable to the combined prior transfers from the decedent estate's gross estate tax liability. Consistent with § 2013 the lesser of the 2013(b) credit and 2013(c) limitation is the allowable credit. In this case, since the time percentages are uniform, the time factor should have been applied once the lesser figure had been chosen.

■■ The Tax Court agreed with the Commissioner. We affirm for the reasons stated in Judge Wiles' thorough opinion, adding only these brief comments. As the Tax Court correctly noted, the computational method advocated by the Commissioner is consistent with the applicable legislative history. See H.R.Rep. No. 1337, 83d Cong., 2d Sess. *reprinted in* [1954] U.S.Code Cong. & Ad.News, 4017, 4025, 4452–56. Not only is that position consistent with the language and purpose behind 26 U.S.C. § 2013, but it is also consistent with the mathematical example contained in the Senate Report. S.Rep. No. 1622, 83d Cong., 2d Sess. *reprinted in* [1954] U.S. Code Cong. & Ad.News, 4621, 5109–11. Since the example was placed in the Congressional record to show how § 2013 is to be applied, the Commissioner could reasonably rely on it as a model for fashioning his own regulations.

An additional point—one not mentioned by the Tax Court—counsels against the acceptance of appellant's position. While the Tax Court correctly states that the

Commissioner's approach is dictated by the underlying statutory purpose, it does not specifically distinguish how appellant's theories conflict with that purpose.

Section 2013 focuses on the property transferred by the transferor to the recipient, not on the status of the recipient as a receiver of property. While that property should be taxed, it should not be double-taxed. To insure that only single taxation occurs when a decedent's estate contains property obtained from multiple transferors, each transfer must be examined individually to determine whether the entire transfer has ultimately been taxed; and, if not, to determine how much should be taxed in accordance with the credit and limitation provisions of § 2013. To do otherwise, would create an unintended and inequitable situation in which property from a single transferor is taxed differently depending upon whether the recipient has received property from other transferors. Such a focus on the status of the recipient rather than on the taxation of the property transferred is inconsistent with the purpose of 26 U.S.C. § 2013.

The order is affirmed.