**Larry D. HOPP and Linda Hopp, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 86–1–W.**

United States District Court, S.D. Iowa, W.D.

March 24, 1987.

Robert Kohorst, Harlan, Iowa, for plaintiffs.

Janice Teague, Tax Div., U.S. Dept. Justice, Washington, D.C., for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. A hearing was held on February 17, 1987. After careful consideration of the parties'

briefs and arguments, the Court grants defendant's motion.

On July 29, 1980, plaintiffs purchased a heat pump for $3,600.75. They then claimed a Residential Energy Source System Credit on their tax return in the amount of $1,440.30, pursuant to 26 U.S.C. § 23. The Internal Revenue Service disallowed this deduction, claiming that the heat pump does not derive its heat from a geothermal deposit. Section 23 provides that taxpayers are allowed a credit for qualified renewable energy source expenditures. Section 23(c)(5) lists three types of renewable energy source property: (1) solar energy producing property; (2) property utilizing geothermal deposits; and (3) wind energy equipment. Plaintiffs claim that their heat pump utilizes geothermal deposits.

Geothermal deposit is defined in 26 U.S.C. § 613(e)(3) as:

> ... The term "geothermal deposit" means a geothermal reservoir consisting of natural heat which is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure)....

On August 26, 1980, the Treasury Department issued a regulation—1.44C–2(h)—further defining geothermal deposit as consisting of natural heat having a temperature over 50 degrees Celsius at the intake or well head. The purpose of this regulation was to ensure that the heat was derived from geothermal reservoirs, rather than derived from heat associated with ground water that is affected by atmospheric temperatures. *Reddy v. Commissioner*, 48 T.C.M. 667, 668 (1984).

Plaintiffs admit that the temperature of the water in their "geothermal deposit" is only around 10 degrees Celsius. However, plaintiffs contend that as the regulation setting a specific temperature was filed within two weeks after they had already purchased their heat pump, the regulation should not be applied retroactively to deprive them of their tax credit. Plaintiffs also argue that the regulation exceeds the Treasury Department's authority.

Defendant contends that the Treasury regulations apply retroactively unless otherwise specified. In *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180,

77 S.Ct. 707, 1 L.Ed.2d 746 (1957), the Supreme Court held that Congress had provided the Commissioner with the authority to make regulations retroactive and "empowered him, in his discretion, to limit retroactive applications to the extent necessary to avoid inequitable results." *Id.* at 184, 77 S.Ct. at 710. The Tax Court faced a situation very similar to the instant case in *Peach v. Commissioner*, 84 T.C. 1312 (1985). In that case, a taxpayer had purchased a heat pump on August 21, 1980, six days before the issuance of the temperature regulation. As in the case at bar, the water used in Peach's system was 15.6 to 18.33 degrees Celsius, well below the regulation 50 degree Celsius requirement. *Id.* at 1313. Peach argued that it was unreasonable to apply this regulation retroactively. The Tax Court rejected this argument, citing a proposed regulation published in the *Federal Register* in May 1979 which defined a geothermal deposit as having a temperature exceed 60 degrees Celsius. *Id.* at 1318. The Tax Court reasoned that as the proposed regulation was published well before Peach installed his heat pum, there was public notice that a temperature level would be part of the definition of a geothermal deposit. *Id.* The Court therefore concluded that it was not an abuse of the Commissioner's discretion in applying the regulation retroactively. *Id.* The Tax Court reached a similar decision in *Sell v. Commissioner*, 50 T.C.M.1395, 1397 (1985).

Plaintiffs argue that it is unreasonable to expect ordinary taxpayers to obtain copies of the *Federal Register* to determine whether any proposed regulation exists which could affect their tax credit. While this argument has some force, a recent Supreme Court opinion indicates that notices published in the *Federal Register* are adequate. *Lyng v. Payne*, —— U.S. ——, 106 S.Ct. 2333, 2343, 90 L.Ed.2d 921 (1986). The Court realizes that ordinary citizens do not normally have access to the *Federal Register*. However, the Court also believesthat the *Lyng* decision requires that such notice is adequate. While *Lyng* did not involve a proposed regulation, it does indicate that the Supreme Court believes the *Federal Register*

an appropriate vehicle for communicating action by federal agencies.

Nor does the Court believe that this regulation goes beyond Treasury's authority. The Tax Court has consistently held that this regulation does not exceed statutory authority, and that Congress has specifically authorized the Secretary of Treasury to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. *Reddy v. Commissioner*, 48 T.C.M. 667, 668 (1984); *Peach, supra* at 1317; *Rabenhold v. Commissioner*, 50 T.C.M. 224, 225 (1985); *Sell, supra* at 1397. This Court has been unable to locate any authority to the contrary and believes that the reasoning in the above Tax Court decisions is correct. Therefore, as plaintiffs have not met the regulation's temperature requirement, they are not entitled to the Residential Energy Credit, and the defendant's motion for summary judgment must be granted.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted.