THEODORE H. OLSON AND RAINSFORD D. OLSON,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 8742–82.     Filed September 14, 1983.

Theodore H. Olson, pro se.
*Larry N. Johnson,* for the respondent.

PARKER, *Judge*: Respondent determined a deficiency of $238 in petitioners' Federal income tax for 1979.[1] The sole issue for decision is whether certain expenditures incurred by petitioners in connection with the installation of a wood burning stove in petitioners' home constitute "qualified renewable energy source expenditures," thereby entitling petitioners to a residential energy credit under section 44C.[2]

### FINDINGS OF FACT

This case was submitted fully stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners Theodore H. Olson and Rainsford D. Olson, husband and wife, resided in Kirkland, Wash., at the time the petition in this case was filed. Their joint Federal income tax return for 1979 was timely filed.

On their 1979 joint return, petitioners claimed an energy credit in the amount of $238.95, relating to expenditures for

---

[1]Although the parties stipulated that petitioners claimed an energy credit in the amount of $238.95, the statutory notice of deficiency determined an increase in tax of only the rounded sum of $238. Therefore, only this latter figure will be considered as in dispute.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year at issue.

renewable energy source property. The claimed energy credit was computed on Form 5695, which was attached to petitioners' 1979 income tax return. Petitioners claimed the energy credit in connection with the following expenditures:

| Description of expenditure | Amount |
|---|---|
| Wood stove (Vigilant Parlor Stove) | $580.00 |
| Heat shield | 20.00 |
| Delivery of stove | 10.00 |
| Stove pipe | 186.50 |
| Total expenditures | 796.50 |

In his notice of deficiency, respondent disallowed petitioners' claimed energy credit for these expenses in connection with the wood burning stove. The basis for the disallowance was that the wood stove and related items did not constitute "renewable energy source property" under the provisions of section 44C.

## OPINION

Section 44C was added to the Code by section 101 of the Energy Tax Act of 1978, Pub. L. 95–618 (1978), 1978–3 C.B. (Vol. 2) 1, 1–6. Section 44C(a) provides that:

In the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the sum of—

(1) the qualified energy conservation expenditures,[3] plus

(2) the qualified renewable energy source expenditures.

Section 44C(c)(2) defines "qualified renewable energy source expenditures" as follows:

(2) RENEWABLE ENERGY SOURCE EXPENDITURE.—

(A) IN GENERAL.—The term "renewable energy source expenditure" means an expenditure made on or after April 20, 1977, by the taxpayer for renewable energy source property installed in connection with a dwelling unit—

(i) which is located in the United States, and

(ii) which is used by the taxpayer as his principal residence. * * *

---

[3]Petitioners do not contend that the expenditures incurred in connection with the installation of the wood stove constitute "qualified energy conservation expenditures." Therefore, discussion of the legal requirements for such expenditures will not be undertaken.

Section 44C(c)(5) then defines the term "renewable energy source property," in pertinent part, as:

(5) RENEWABLE ENERGY SOURCE PROPERTY.—The term "renewable energy source property" means property—
  (A) which, when installed in connection with a dwelling, transmits or uses—
    (i) solar energy, energy derived from the geothermal deposits (as defined in section 613(e)(3)), or any other form of renewable energy which the Secretary specifies by regulations, for the purpose of heating or cooling such dwelling or providing hot water for use within such dwelling, or
    (ii) wind energy for nonbusiness residential purposes, * * * [4]

Thus, in order to be a "renewable energy source expenditure" and thereby eligible for the credit, the expenditure(s) must be made for "renewable energy source property." Whether the property meets this latter definition is dependent upon the type of energy source utilized by the property. The Code itself lists three specific energy sources—solar, wind, and geothermal—and "any other form of renewable energy which the Secretary specifies by regulations." Thus, the Secretary has been given broad authority to designate other qualifying renewable energy sources.

Underscoring this broad delegation of authority, section 44C(c)(6)(A)(i) provides, in pertinent part, that:

(A) CRITERIA; CERTIFICATION PROCEDURES.—The Secretary shall by regulations—
  (i) establish the criteria which are to be used in * * * specifying * * * any form of renewable energy under paragraph (5)(A)(i) * * *

The Secretary's broad discretion to specify "any form of renewable energy" that may qualify as another renewable

---

[4]Subpar. (5) continues with the following additional requirements that must be met before the property can qualify as "renewable energy source property":
  (B) the original use of which begins with the taxpayer,
  (C) which can reasonably be expected to remain in operation for at least 5 years, and
  (D) which meets the performance and quality standards (if any) which—
    (i) have been prescribed by the Secretary by regulations, and
    (ii) are in effect at the time of the acquisition of the property.
The parties have not raised any issue concerning these additional criteria, and we do not address these additional requirements. Respondent notes that there is no evidence as to the performance and quality standards, but the Secretary would not prescribe such standards until he has first approved the renewable energy source used by the property.

energy source is also evidenced by the relevant portions of the legislative history of section 44C.[5]

Section 1.44C-2(e)(2), Income Tax Regs., was promulgated pursuant to this legislative grant of authority, and provides as follows:

(2) *Renewable energy source specified by the Secretary.* In addition to solar, wind, and geothermal energy property, renewable energy source property includes property that transmits or uses another renewable energy source that the Secretary (or his delegate) specifies by regulations, after consultation with the Secretary of Energy and the Secretary of Housing and Urban Development (or their delegates), and any other appropriate Federal officers, to be of a kind that is appropriate for the purpose of heating or cooling the dwelling or providing hot water for use within the dwelling. For purposes of this section, references to the transmission or use of energy includes its collection and storage. See sec. 1.44C-6 for the procedures and criteria to be used in determining when another energy source will be considered for addition to the list of qualified renewable energy sources.

The referenced regulation, section 1.44C-6, provides at section 1.44C-6(c)(2), in part, that:

(2) *Additions to the approved list of renewable energy sources.* For an energy source to be considered for addition to the approved list of renewable energy sources, the manufacturer must show that the following criteria are met:

---

[5] The House version of the bill listed only solar and wind energy. The Senate amendments added geothermal energy and authorized the Secretary, under regulations, to add to the list of qualifying property equipment items that use other renewable energy sources. Such authority was added by the Senate version of the bill with the following explanation:

"Renewable energy source expenditures include expenditures for solar, wind, and geothermal equipment; they also include expenditures for equipment which the Secretary, by regulation, specifies as using any other form of renewable energy and which results in an overall energy savings. * * * [S. Rept. 95–529 (1978), 1978–3 C.B. (Vol. 2) 199, 228–229.]"

The same report further provided that:

"Pursuant to his authority under the Code (sec. 7805), the Secretary may promulgate regulations (in addition to those relating to performance and quality standards) which specify the solar, wind, and geothermal energy equipment qualifying for the credit. *The Secretary is authorized to promulgate regulations which would add to the list of qualifying property those devices which rely on renewable energy sources and which would result in an overall energy savings. The Secretary is directed to prescribe guidelines setting out the criteria which an equipment item must meet if it is to be added to the list of qualifying equipment.* The Secretary is also directed to establish procedures under which a manufacturer might apply to have a product added to the qualifying expenditure list. [S. Rept. 95–529, *supra,* 1978–3 C.B. (Vol. 2) at 232–233. Emphasis added.]"

The Conference agreement retained the Secretary's broad discretionary authority to designate other renewable energy sources. See S. Rept. 95–1324 (1978), 1978–3 C.B. (Vol. 2) 309, 315–316.

(i) *As in the case of solar, wind, and geothermal energy, the energy source must be an inexhaustible energy supply. Accordingly, wood and agricultural products and by-products are not considered renewable energy sources.* Similarly, no exhaustible or depletable energy source (such as sources that are depletable under 611) will be considered. [Emphasis added.] [6]

Thus, the Secretary has interpreted other qualifying renewable energy sources to mean only "inexhaustible" sources of energy, such as the sun or wind. The quoted regulation expressly excludes wood as a "renewable energy source," thereby rendering equipment utilizing wood as ineligible for the residential energy credit.

Petitioners argue that restricting the term "renewable energy sources" to "inexhaustible" sources is improper, that wood is a "renewable energy source," and that the Secretary should have recognized it as such. Petitioners maintain that section 1.44C-6(c)(2)(i), Income Tax Regs., is unreasonable and clearly inconsistent with the statute it seeks to implement, and is therefore void. Petitioners contend that the primary goal in providing for the residential energy credit was to reduce the nation's consumption of fossil fuels by encouraging use of alternative energy sources.[7] From this, petitioners conclude that the Secretary's exclusion of wood from qualifying as a "renewable energy source" is unreasonable and inconsistent with the legislative intent behind the statute. Respondent, on the other hand, contends that the regulation in question is both reasonable and consistent with the statute, and is therefore a valid exercise of the broad discretion

---

[6] The regulation goes on to provide the following further criteria that must be met:

(ii) The energy source must be capable of being used for heating or cooling a residential dwelling or providing hot water or electricity for use in such a dwelling.

(iii) A practical working device, machine, or mechanism, etc., must exist and be commercially available to use such renewable energy source.

(iv) The use of the renewable energy source must not present a significant safety, fire, environmental, or health hazard.

Since the parties have not raised any question as to these additional requirements, we do not consider them herein.

[7] In support of their position, petitioners rely on S. Rept. 95–529 (1978), 1978–3 C.B. (Vol. 2) 199, 228, which provides in part that:

"Residential use of oil and natural gas energy represents a major portion of the country's total consumption of these fossil fuels. In view of the substantial potential oil and natural gas savings that could result from the use of alternate-energy-source measures for residential purposes, the committee believes that it is appropriate to encourage residential use of solar, wind, geothermal, and other renewable energy source equipment."

granted to the Secretary to prescribe additional forms of renewable energy sources. We agree with respondent.

To begin with, it is important to recognize that the regulation in question was promulgated by the Secretary pursuant to an express statutory grant of authority to add other renewable energy sources to those specifically designated by the Code, and also to establish the criteria to be used in making the determination of whether to add an energy source to such list. Secs. 44C(c)(5)(A)(i) and 44C(c)(6)(A)(i). As such, the regulation in issue is a legislative regulation, rather than merely an interpretative regulation under section 7805. It is well settled that legislative regulations are entitled to even greater weight and deference than are accorded to interpretative regulations. See *United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982); *Rowan Cos. v. United States*, 452 U.S. 247 (1981); *State of Washington v. Commissioner*, 77 T.C. 656 (1981), affd. 692 F.2d 128 (D.C. Cir. 1982). Such legislative regulations must be sustained unless unreasonable and plainly inconsistent with the statute they are intended to implement. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496 (1948); *Fishman v. Commissioner*, 51 T.C. 869 (1969), affd. 420 F.2d 491 (2d Cir. 1970); *Allstate Insurance Co. v. United States*, 329 F.2d 346 (7th Cir. 1964). The regulation in issue here is reasonable and consistent with the congressional purpose in enacting section 44C and must be sustained.

As noted earlier, section 44C(c)(5)(A) lists only three types of renewable energy sources Congress had in mind when it enacted the residential energy credit: solar, wind, and geothermal energy. See note 5 above. Wood and wood by-products are conspicuously absent from the list. Congress then delegated to the Secretary the authority to establish criteria and procedures for adding other qualifying renewable energy sources to such list. A reading of the legislative history indicates that such procedure was to be the only method of expanding the list of energy sources. In carrying out this charge, the Secretary has determined that only "inexhaustible" energy sources were intended by Congress to be eligible for the residential energy credit. In view of the specific types of renewable energy specified in the Code, we cannot say that the restriction to inexhaustible energy sources is unreasonable or plainly inconsistent with the statute. The common thread that runs

through all of the designated energy sources is that they seem to be inexhaustible. The same cannot be said about wood and wood by-products. Although wood and wood by-products may currently seem to be in abundance, and with prudent conservation and management techniques may remain so, it is clear they are not of the same inexhaustible nature as the sun, wind, or geothermal energy. To reiterate, in light of the types of energy sources specifically listed by Congress, respondent's restriction of other qualifying renewable energy sources to "inexhaustible" energy sources is clearly reasonable and consistent with the legislative intent in providing for a residential energy credit.

Our conclusion is further buttressed by the fact that at the time section 44C was enacted, the technology for use of solar, wind, and geothermal energy equipment was at an early stage of development. Part of the reason underlying the enactment of the residential energy credit was to encourage the development and commercial use of such equipment. See H. Rept. 95–496 (Part III) (1978), 1978–3 C.B. (Vol. 2) 71, 103; S. Rept. 95–529, *supra* at 228. Wood stoves have long been used for residential heating. Congress has not expressed any intent to encourage the use of wood stoves as such and, in fact, has expressly rejected an attempt to add wood stoves to section 44C.[8]

---

[8] The Senate, as part of the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. 96–223, originally proposed adding airtight wood burning stoves to the list of property qualifying as an "energy conservation expenditure" (not a "renewable energy source expenditure"), thereby eligible for the residential energy credit. However, the Conference Agreement (H. Rept. 96–817 (1980), 1980–3 C.B. 245, 282), chose not to add airtight wood burning stoves to the list of property eligible for an energy conservation expenditure. Instead, that item was to be evaluated by the Secretary under certain new standards that were prescribed for determining whether an item was eligible for the energy conservation credit or the renewable energy source credit. Although subsequent to the taxable year here in issue, we consider this to be additional evidence of the broad discretion intended to be exercised by the Secretary in determining whether to add an item to the list of either energy conservation items or renewable energy source items. Those new standards are not applicable to the year before us and constitute statutory limitations on the Secretary's authority to specify any item as an "other energy-conserving component" or as "any form of renewable energy." See sec. 44C(c)(9) added by sec. 201(b)(1), Pub. L. 96–223 (1980), 1980–3 C.B. 1, 29, and H. Rept. 96–817 (1980), 1980–3 C.B. 245, 279–280. For example, the Secretary cannot specify either unless he first determines that "there will be a reduction in oil or natural gas consumption as a result of such specification, and such reduction is sufficient to justify any resulting decrease in Federal revenues." Sec. 44C(c)(9)(A)(i). This is a far cry from saying that wood stoves are "renewable energy source property," as petitioners contend.

Petitioners also cite and rely upon the legislative history of the Energy Security Act of

In conclusion, although wood and wood by-products, when used in connection with a wood burning stove, may provide a useful means of heating one's home and may result in a reduced consumption of fossil fuels as an energy source, that is not the question herein. Rather, the issue is whether section 1.44C-6(c)(2)(i), Income Tax Regs., which limits other qualifying renewable energy sources to "inexhaustible" energy sources, is a reasonable exercise of the discretion granted to the Secretary to prescribe criteria for and make additions to the statutory list of renewable energy sources. For the reasons stated herein, we ·hold that the regulation is a reasonable exercise of such authority and is consistent with the congressional intent in providing for the residential energy credit. Therefore, petitioner is not entitled to the claimed credit for the 1979 taxable year.

*Decision will be entered for the respondent.*

---

1980, Pub. L. 96–294, 94 Stat. 611; S. Rept. 96–387 (1979), in which Congress expressly referred to wood as a "renewable" source of energy. That statute recognized a need for Federal assistance to provide increased incentives for production of energy from forest and agricultural products. However, that statute did not involve the residential energy credit under sec. 44C or any tax credit or tax incentives. That statute provided loan guarantees and grants to develop new methods of producing energy from agricultural commodities or forest products. Burning wood in a wood stove is not a new method.