BENEDICT and JOYCE ZACCARO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zaccaro v. Commissioner
Docket No. 8494-85.
United States Tax Court
T.C. Memo 1986-82; 1986 Tax Ct. Memo LEXIS 526; 51 T.C.M. (CCH) 519; T.C.M. (RIA) 86082; March 3, 1986. Steven Walk, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Marvin F. Peterson pursuant to section 7456(d) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $4,000. The only issue is whether petitioners are entitled to a residential energy credit in the amount of $4,000. *527 Petitioners resided at 35982 Stevens Boulevard, Eastlake, Ohio 44094, at the time they filed their petition in this case. They filed a joint Federal income tax return for the calendar year 1982. During 1982 petitioners installed a Geothermal Heat Pump with four wells drilled to a depth of 100 feet (system). The heat pump and wells were designed to heat and cool petitioners' personal residence using underground water as the source of energy. The underground water available for use in the system has a temperature of 11.7 degrees Celsius. The total cost of the system amounted to $10,383. Petitioners claimed a $4,000 income tax credit on the ground that the cost of the system qualified as a renewable energy source expenditure under section 44C(a) [2] contending that the system transmits energy dervied from a geothermal deposit. Respondent disallowed the credit contending that the expenditure made by petitioners for the system did not qualify as a geothermal energy property under section 44C(c)(5) since the system does not transmit energy derived from a geothermal deposit as defined in section 1.44C-2(h), Income Tax Regs.
*528 Petitioners recognize that the regulations require that the temperature of a geothermal reservoir must have a temperature exceeding 50 degrees Celsius at the wellhead to qualify as a geothermal deposit, but contend that the regulations are invalid since they are contrary to congressional intent. Pursuant to section 44C(c)(6)(A)(i), the Secretary of the Treasury was given specific statutory authority to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. Peach v. Commissioner,84 T.C. 1312, 1315 (1985); Reddy v. Commissioner,T.C. Memo. 1984-395. Where regulations are issued pursuant to specific statutory authority, they are legislative in nature. It is well settled that legislative regulations are entitled to great weight. Olson v. Commissioner,81 T.C. 318, 323 (1983); Wing v. Commissioner,81 T.C. 17, 28 (1983). Further, such legislative regulations must be sustained unless unreasonable and plainly inconsistent with the statute they are intended to implement. Peach, at 1317; Olson, at 323. In Peach we specifically *529 addressed the issue of the validity of the regulations. We held that respondent's regulation requiring that the heat requirement of a geothermal deposit be in excess of 50 degrees Celsius was a reasonable interpretation of the statute. Peach, at 1317. Also, see Reddy, where we held that the temperature limitation was included in the regulation in order to insure that only property transmitting or using geothermal as opposed to surface source of energy qualifies as geothermal property and that such regulation was clearly consistent with section 44C(c)(5)(A). We conclude that respondent properly disallowed the residential energy credit of $4,000 claimed by petitioners. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 44C was redesignated as section 23 by section 471(c) of the Deficit Reduction Act of 1984, 98 Stat. 494, 826 for years beginning after December 31, 1983.↩