SAMUEL E. AND DAISY L. WEHR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wehr v. Commissioner
Docket No. 28808-84.
United States Tax Court
T.C. Memo 1986-284; 1986 Tax Ct. Memo LEXIS 325; 51 T.C.M. (CCH) 1401; T.C.M. (RIA) 86284; July 8, 1986. Samuel E. Wehr, pro se. Michael L. Gompertz, Jr., for the respondent. *326 WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Internal Revenue Code. [1]
Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $1,321.05. The sole issue for decision is whether petitioners are entitled to a residential energy credit under section 44C(a)(2). [2]
Some of the facts have been stipulated, and those facts are so found.Petitioners resided in Woodbridge, Virginia, at the time of the filing of their petition in this case. They timely filed a joint Federal income tax return for 1981 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioners installed an "earth coil *327 based heating system" in their home. This system includes the following components: (a) approximately 1,200 feet of plastic pipe buried underground and covered or surrounded by a layer of sand, (b) a pumping system (operated by electricity) and associated plumbing that circulates water through the pipe, (c) a heat pump consisting of a compressor, air handling unit, heat exchangers, refrigerant, and associated controls, (d) miscellaneous hardware for connecting the pipe to the heat pump. The water circulating in the pipe is heated in the winter and cooled during the summer by the temperature of the ground. The ground temperature is at all times less than 50 degrees Celsius. On their 1981 income tax return petitioners claimed a residential energy credit for the earth coil. No credit was claimed for the heat pump and associated air handling system. After further studying the statute covering renewable energy source credits, petitioners believe the cost of the heat pump (but not the associated air handling system) should be included as part of the system. Petitioners contend that their earth coil is solar energy property and that their heat pump is geothermal energy property within *328 the meaning of section 44C, although these classifications are not in accord with regulations promulgated by respondent. Section 44C (a)(2) allows an individuals a credit against Federal income tax for qualified renewable energy source expenditures. A renewable energy source expenditure must be made with respect to renewable energy source property. Section 44C(c)(2)(A). Renewable energy source property includes property which transmits or uses solar energy or which transmits or uses energy derived from geothermal deposits. Section 44C(c)(5)(A)(i) Section 1.44C-2(f)(1), Income Tax Regs., provides that solar energy property must use energy directly from sunlight. This section further provides that "Property which uses, as an energy source, fuel or energy which is indirectly derived from sunlight * * * such as * * * heated underground water is not considered solar energy property." Petitioners' earth coil does not use energy directly derived from sunlight. In the summer, it is the lack of the sun's warmth that allows the earth coil to cool the residence. When the coil heats Petitioners' home in the winter, it uses heated underground water, a source of energy indirectly derived *329 from sunlight according to respondent's regulations. Under the regulations the earth coil does not qualify as solar energy property. Section 1.44C-2(h), Income Tax Regs., provides that geothermal property must transmit or use energy from a geothermal deposit having a temperature exceeding 50 degrees Celsius. The heat pump does not qualify as geothermal property under the regulations because it fails to use water which has a temperature exceeding 50 degrees Celsius. Since petitioner's property is not property which transmits or uses solar energy or geothermal energy within the meaning of the applicable regulations, it is not renewable energy source property and the expenditures for its purchase and installation are not "qualified" and do not result in a credit for petitioners under section 44C. Petitioners disagree and suggest that the regulations in question are invalid. Petitioners urge that they must be considered to have satisfied performance and quality standards for renewable energy source property under section 44C(c)(5)(D) and that therefore their expenditures must have been qualified and must result in a credit under section 44C. The argument is flawed because it *330 is inconsistent with terms of the statute and implementing regulations specifically authorized by the Congress. Section 44C(c)(5) provides: (5) Renewable energy source property. -- The term "renewable energy source property" means property -- (A) which, when installed in connection with a dwelling, transmits or uses -- (i) solar energy, energy derived from geothermal deposits (as defined in section 613(e)(3)), or any other form of renewable energy which the Secretary specifies by regulations, for the purpose of heating or cooling such dwelling or providing not water or electricity for use within sech dwelling, or (ii) wind energy for nonbusiness residential purposes, (B) the original use of which begins with the taxpayer, (C) which can reasonably be expected to remain in operation for at least 5 years, and (D) which meets the performance and quality standards (if any) which -- (i) have been prescribed by the Secretary by regulations, and (ii) are in effect at the time of the acquisition of the property. Section 44C(c)(5) includes four requirements which property must meet to qualify as renewable energy source property. Petitioners' argument focuses on the performance *331 and quality standards. Section 1.44C-4, Income Tax Regs., entitled "Performance and quality standards," has been "reserved" for future use. Petitioners contend that the Secretary of Treasury has not fulfilled his statutory mandate [3] because no performance and quality standards have been prescribed. Petitioners believe that their system could meet any performance and quality standards that might be promulgated. They argue that the potential to meet all possible standards is sufficient to qualify their equipment as renewable energy source property. Petitioners' position amounts to an argument that they need to satisfy only one of the four subparagraphs of section. 44C(c)(5) and that satisfaction of the criteria of section 44C(c)(5)(D) should establish that their system is "renewable energy source property." On the contrary, each one of the four requirements of this section must be met in order for *332 property to be eligible for the credit. Because petitioners' property does not meet the requirements of section 44C(c)(5)(A), it is not "renewable energy source property" regardless of whether the property might have met any performance and quality standards of section 44C(c)(5)(D) if such standards had been set forth in the regulations. The performance and quality standards simply are not at issue from the plain meaning of the statute. Moreover, the Secretary has been given broad discretion and authority in implementing the provisions of section 44C. Olson v. Commissioner,81 T.C. 318, 320 (1983). The legislative history explains that the Secretary "may promulgate regulations (in addition to those relating to performance and quality standards) which specify the solar, wind, and geothermal energy equipment qualifying for the credit." S. Rept. 95-529 (1978), 1978-3 C.B. (Vol. 2) 199, 232. The Secretary has exercised his authority by prescribing the solar and geothermal equipment qualifications in the regulations which disqualify petitioners' equipment. This Court previously has upheld the validity of section 1.44C-2(h) of these regulations, specifically *333 with reference to geothermal deposit temperature, in Peach v. Commissioner,84 T.C. 1312 (1985) on appeal (4th Cir., Sept. 13, 1985); Rabenold v. Commissioner,T.C. Memo. 1985-309, affd. per curiam 786 F.2d 1177 (11th Cir. 1986); Reddy v. Commissioner,T.C. Memo. 1984-395, affd. per order (4th Cir., August 29, 1985). For reasons discussed in detail in the Peach,Reddy and Rabenold cases, supra, and in Olson v. Commissioner,supra, the validity of section 1.44C-2(f) of the Income Tax Regulations also must be sustained as the regulations are legislative in nature and are not clearly inconsistent with the statute they implement. The requirement of the regulations that solar energy for purposes of section 44C refers only to energy derived directly from sunlight and not to energy indirectly derived from sunlight such as fossil fuel and heated underground water is a reasonable distinction for purposes of determining the meaning of the statutory term "solar energy." Petitioners' equipment does not qualify as solar or geothermal energy property under the applicable regulations, and petitioners *334 are not entitled to a residential energy credit. Respondent is sustained. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect during the year in issue, except as otherwise noted.↩
2. Section 44C has been redesignated section 23 by section 471(c)(1), Deficit Reduction Act of 1984, 98 Stat. 826. This change is effective for the taxable years beginning after December 31, 1983. Section 475(a), Deficit Reduction Act of 1984, 98 Stat. 847.↩
3. Section 44C(c)(6)(A)(i) provides in pertinent part: (A) Criteria; certification procedures. -- The Secretary shall be regulations -- (i) establish the criteria which are to be used in (I) prescribing performance and quality standards under paragraphs (3), (4), and (5) * * *↩