WILLIAM M. LAXSON AND ROSEMARY M. LAXSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laxson v. Commissioner
Docket No. 1884-85.
United States Tax Court
T.C. Memo 1986-291; 1986 Tax Ct. Memo LEXIS 316; 51 T.C.M. (CCH) 1427; T.C.M. (RIA) 86291; July 15, 1986. William M. Laxson, pro se. Mark I. Siegel, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case [1] was heard pursuant to the provisions of section 7456(d)(3) [2] and Rules 180, 181 and 182. [3]
Respondent determined a $730 deficiency in petitioners' 1981 Federal income tax. The sole issue for our decision is whether petitioners' cooling system qualifies as renewable energy source property entitling them to a residential energy credit for 1981. William M. Laxson (hereinafter "William") and Rosemary M. Laxson are husband and wife and filed a joint return for 1981. They resided in Xenia, Ohio, at the time their petition was filed. Some of the facts in this case have been stipulated *318 and are so found. In 1981, petitioners installed a deep well water circulation system (hereinafter "system") to cool their residence. The system pumps well water of approximately 55 degrees Fahrenheit through a series of copper pipes and by circulating air over these pipes the house is cooled using a reduced amount of electricity. The system's cost was $1,825. Petitioners claimed a geothermal energy credit of $730 on their 1981 income tax return. Respondent disallowed the claimed credit in its entirety. An individual taxpayer is allowed a credit against his tax equal to forty percent of his cost of qualified renewable energy source expenditures made with respect to "renewable energy source property." Sec. 44C(a)(2), (b)(2), and (c)(2)(A). [4] Renewable energy source property specifically includes property which transmits or uses energy derived from geothermal deposits to heat, cool or provide hot water or electricity for use in the dwelling. Sec. 44C(c)(5). [5]
*319 Section 1.44C-2(h), Income Tax Regs., defines "geothermal energy property" to include: equipment * * * necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. * * * A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead * * *. [Emphasis supplied.] Petitioners concede that their system uses ground water that is cooler than the temporature specified in section 1.44C-2(h), Income Tax Regs. However, they contend that an energy source emitting heat at 50 degrees Celsius cannot be used to cool a house and that, therefore, the regulation is unreasonable. They assert that the temperature of a geothermal deposit would have to be either far less than 50 degrees Celsius (122 degrees Fahrenheit) to directly cool the air circulating in a house (hereinafter "convectional cooling") or far more than 50 degrees Celsius to operate an "absorption refrigeration cycle" system. [6] Petitioners *320 argue that since the regulation prescribes a temperature that is too hot for convectional cooling and too cool for the absorption refrigeration cycle, that, from a technical aspect, it is unreasonable as it pertains to cooling systems. Petitioners have misconstrued section 1.44C-2(h), Income Tax Regs. That regulation only requires that a geothermal energy source have a temperature "exceeding 50 degrees Celsius." Sec. 1.44C-2(h), Income Tax Regs.[7] The regulation does not set a maximum temperature. Therefore, petitioners' argument that a geothermal deposit would require a temperature far exceeding 50 degrees Celsius to cool a dwelling proves the very reasonableness of the regulation they dispute. *321 Moreover, this regulation was promulgated pursuant to a specific statutory authority. Sec. 44C(c)(6)(A)(i). Since such regulations are legislative in nature, they are entitled to great weight and must be sustained unless unreasonable and clearly inconsistent with the statute they implement. Olson v. Commissioner,81 T.C. 318, 323 (1983); Wing v. Commissioner,81 T.C. 17, 28 (1983). This Court has previously examined that regulation and found it to be reasonable. Peach v. Commissioner,84 T.C. 1312, 1317 (1985), on appeal (4th Cir., Sept. 13, 1985); Reddy v. Commissioner,T.C. Memo. 1984-395, affd. per order (4th Cir., August 29, 1985).[8]
In addition, petitioners maintain that the regulations are not applicable because they are retroactive. However, we find that the regulation was promulgated prior to the year in issue. See *322 T.D. 7717, 1980-2 C.B. 7, 14. Moreover, we have held that the retroactive application of this regulation was not an abuse of the Commissioner's authority. Peach v. Commissioner,supra at 1318; see sec. 7805(b). Accordingly, we find that petitioners are not entitled to a residential energy credit for the year 1981. Decision will be entered for the respondent.
Footnotes
1. This case was originally filed as a small tax case pursuant to sec. 7463. By order dated January 14, 1986, the Court granted petitioners' motion to remove this case from the small tax case category. ↩
2. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Code sec. 44C has been redesignated as sec. 23 by sec. 471(c), Deficit Reduction Act of 1984, 98 Stat. 826. This change is effective for taxable years beginning after December 31, 1983.Sec. 475(a), Deficit Reduction Act of 1984, 98 Stat. 847. ↩
5. In addition, the property's original use must commence with the taxpayer, the property must reasonably be expected to remain in operation for five years, and the property must meet quality and performance standards prescribed by the Secretary. Sec. 44C(c)(5). Nevertheless, we confine this opinion to the only issue raised by the parties, namely, what items come within the definition of "geothermal energy property."↩
6. At trial, William, an engineer, described how the heat produced from a geothermal energy source could be harnessed to operate an absorption refrigeration cycle system. He explained that heat in excess of 98 degrees Celsius would be necessary for such operation.↩
7. This is to insure that only property transmitting or using geothermal as opposed to surface sources of energy qualifies as geothermal property. Bayless v. Commissioner,T.C. Memo. 1986-113; Reddy v. Commissioner,T.C. Memo 1984-395↩, affd. per order (4th Cir., August 29, 1985).
8. Indeed, we have found that this Regulation reflects the intent of Congress. Hickey v. Commissioner,T.C. Memo. 1986-186; Rabenold v. Commissioner,T.C. Memo. 1985-309, affd. without published opinion 786 F.2d 1177↩ (11th Cir. 1986).