KENNETH C. CALDWELL AND BRENDA S. CALDWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caldwell v. Commissioner
Docket No. 41311-84.
United States Tax Court
T.C. Memo 1986-301; 1986 Tax Ct. Memo LEXIS 306; 51 T.C.M. (CCH) 1470; T.C.M. (RIA) 86301; July 22, 1986. Kenneth C. Caldwell, pro se. Terry L. Zabel, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for *307 summary judgment pursuant to Rule 121. [1]
The parties have submitted a stipulation of facts. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Dayton, Ohio, at the time they filed their petition in this case. Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $3,368.40. In the notice of deficiency issued to petitioners on September 28, 1984, respondent determined that the amount of $8,421.00 which petitioners reported as geothermal renewable energy source costs does not qualify for the residential energy credit under section 44C(a)(2). [2] Respondent asserts that petitioners' allowable energy credit for 1982 is $580.00 for solar renewable energy source costs in the amount of $1,450.00 rather than a credit of $3,948.40 for expenditures of $9,871.00 claimed by petitioners on their 1982 joint Federal tax return. These expenditures were made in 1982. *308 [3]
Respondent's motion for summary judgment was filed on February 3, 1986. In his motion, respondent claims that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law. Respondent asserts that petitioners' equipment does not qualify as renewable energy source property since the equipment does not utilize or transmit energy derived from a geothermal deposit. Respondent argues that the temperature of the geothermal deposit is substantially lower than the 50 degrees Celsius limitation required for geothermal deposits and described in section 1.44C-2(h), Income Tax Regs. Petitioners *309 concede that the water used or transmitted by their equipment has a temperature at the wellhead of approximately 13 degrees Celsius, but claim that the temperature limitation in section 1.44C-2(h), Income Tax Regs., is arbitrary and not in conformance with the intent of section 44C. In their response to respondent's motion for summary judgment, petitioners argue that respondent has ignored the Senate Finance Committee's definitions of geothermal equipment and geothermal deposit and, as a result, has erroneously set the temperature limitation for a geothermal deposit at 50 degrees Celsius in section 1.44C-2(h), Income Tax Regs., and disallowed the credit for costs associated with heat pumps. A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). Here, both parties concede that there is no genuine issue of material fact, and consequently our determination is limited to the application of the law to the facts *310 presented. Section 44C(a)(2) generally provides that an individual taxpayer shall be allowed a credit for qualified renewable energy source expenditures. A renewable energy source expenditure must be made with respect to renewable energy source property. Sec. 44C(c)(2)(A). Renewable energy source property specifically includes certain property which transmits or uses energy derived from geothermal deposits. Sec. 44C(c)(5). [4]
Section 44C(6)(A)(i) specifically authorizes the Secretary to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. The Secretary has issued regulations for geothermal energy property which provide, in pertinent part: (h) Geothermal energy property. The term "geothermal *311 energy property" includes equipment (and parts solely related to the functioning of such equipment) necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. Equipment such as a pipe that serves both a geothermal function (by transmitting hot geothermal water within a dwelling) and a non-geothermal function (by transmitting hot water from a water heater within a dwelling) does not qualify as geothermal property. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot spring (where no well is drilled), at the intake to the distribution system. [Sec. 1.44C-2(h), Income Tax Regs., Emphasis added.] [5]
The Supplementary Information relating to the regulations explains that the 50 degree Celsius temperature limitation was included in the final regulations for the following reasons: Several comments suggested that the definition of geothermal deposit *312 be revised either by deleting the 60 degree Celsius temperature limitation or by lowering the temperature limitation. The temperature limitation has been lowered to 50 degrees Celsius. It has been concluded that 50 degree Celsius is an appropriate measure for determining whether heat is derived from geothermal reservoirs (heated by the earth's magma) or is derived from heat associated with ground water that is affected by atmospheric temperatures. [T.D. 7717, 1980-2 C.B. 7, 9.] [6]
*313 Petitioners argue that the temperature limitation in the regulations does not reflect the intention of Congress. However, similar arguments have been previously considered and rejected by the Court. Peach v. Commissioner,84 T.C. 1312 (1985), on appeal (4th Cir., Sept. 13, 1985).[7]Sec. 1.44C-2(h), Income Tax Regs., was promulgated pursuant to specific authority and is legislative in nature. Peach v. Commissioner,supra at 1316-1317. Sec. 44C(6)(A)(i). The Secretary of the Treasury has broad authority to issue any necessary regulations, and, generally, these regulations must be sustained unless they are unreasonable or plainly inconsistent with the statute. Sec. 7805(a); Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948). Legislative regulations are given even greater weight by this Court. Olson v. Commissioner,81 T.C. 318, 323 (1983); Wing v. Commissioner,81 T.C. 17, 28 (1983). *314 Petitioners further rely on the Senate Finance Committee Report accompanying the passage of the Energy Tax Act of 1978. This report states, in pertinent part: Generally, geothermal energy is derived from geothermal deposits from geothermal reservoirs consisting of natural heat stored in rocks or in an aqueous liquid or vapor (whether or not under pressure. This includes hot brine, dry heat (that may be produced with the use of such a substance as freon) and hot water (such as that which may be used directly to heat a building equipped with a heating unit employing hot water heating). [S. Rept. No. 95-529 (1977), 1978-3 C.B. (Vol. 2) 199, 232.] Petitioners claim that the reference to freon in the Report indicates both that a heat pump qualifies as geothermal energy property and that such a heat pump would not meet respondent's temperature limitations. The Conference Committee rejected the Senate version of the Energy Tax Act of 1978 insofar as heat pumps were included as qualifying property. S. Rept. No. 95-1324 (1978), 1978-3 C.B. (Vol. 2) 309, 315. Although we do not question the accuracy of petitioners' technical analysis, the statute as enacted *315 does not encompass the Senate Finance Committee language and we reject petitioners' argument. We have no authority to go beyond the explicit terminology of the statute. See Donigan v. Commissioner,68 T.C. 632, 636 (1977). Moreover, while we do not doubt the accuracy of petitioner's scientific observations, respondent's regulations are not designed to implement the theoretically correct scientific answer but to apply the statute to effect Congress' intent in a reasonable manner. [8] Clearly, a requirement of a temperature exceeding 50 degrees Celsius is a reasonable regulation for determining the natural heat requirement of a geothermal deposit. Peach v. Commissioner,supra at 1317. Although petitioners' attempt to conserve energy is commendable, the fact that heating and cooling systems which do not transmit or use energy derived from geothermal deposits may be more energy efficient is irrelevant to a determination of whether expenditures relating to such property are qualified for the residential energy credit under section 44C(a)(2). [9]
*316 On the basis of this record, petitioners' equipment does not qualify for the residential energy credit provided by section 44C since the temperature of the geothermal deposit utilized by petitioners' equipment is less than 50 degrees Celsius. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. Sec. 44C has been redesignated as sec. 23 by sec. 471(c), Deficit Reduction Act of 1984, 98 Stat. 826. This change is effective for taxable years beginning after December 31, 1983. Sec. 475(a), Deficit Reduction Act of 1984, 98 Stat. 847. ↩
3. While the stipulation of facts states that a solar heating system and a heating and cooling system were installed at petitioners' residence in 1981, all other documentation and exhibits of record state that the geothermal heating system was installed in 1982. We view the correct installation date as 1982.↩
4. This property must be installed in connection with a dwelling for the purpose of heating or cooling or providing hot water or electricity for use in the dwelling, the original use must commence with the taxpayer, the property must reasonably be expected to remain in operation for five years, and the property must meet quality and performance standards prescribed by the Secretary. Sec. 44C(c)(5).↩
5. On October 31, 1985, proposed regulations with respect to the residential energy credit were published in the Federal Register (50 Fed. Reg. 45423 (1985)). With respect to sec. 1.44C-2(h), Income Tax Regs., (now designated as sec. 1.23-2(h), Income Tax Regs.), two changes were made. First, in the first sentence, the word "means" replaces "includes." Second, a new sentence is inserted after the first sentence which reads: With respect to expenditures made after December 31, 1979, the term "geothermal energy property" also means equipment (and parts solely related to the functioning of such equipment) necessary to transmit or use energy from a geothermal deposit to produce electricity for use within the dwelling. * * * [Emphasis added; 50 Fed. Reg. 45427.]
We note that the proposed regulations make no changes with respect to the temperature limitation. Thus, the 50 degrees Celsius limitation must first be met and a geothermal deposit exist before the equipment qualifies for the energy credit. ↩
6. Additionally, sec. 1.44C-2(e)(1), Income Tax Regs., states that: Renewable energy source property does not include heating and cooling systems which serve to supplement renewable energy source equipment in heating or coooling a dwelling unit, and which employ a form of energy (such as electricity, oil or gas) other than solar, wind, or geothermal energy (or other forms of renewable energy provided in subparagraph (2)). Thus, heat pumps or oil or gas furnaces, used in connection with renewable energy source property, are not eligible for the credit. * * * [Emphasis added.] Proposed regulations published on Oct. 31, 1985 (50 Fed. Reg. 45423, 45426 (1985)), change the first sentence cited above to read: Renewable energy source property does not include heating or cooling systems, nor systems to provide hot water or electricity, which serve to supplement renewable energy source equipment in heating, cooling, or providing hot water or electricity to a dwelling unit, and which employ a form of energy (such as oil or gas) other than solar, wind, or geothermal energy (or other forms of renewable energy provided in paragraph (e)(2) of this section. * * * The second sentence cited above is unchanged.↩
7. See also Rabenold v. Commissioner,T.C. Memo. 1985-309, affd. without published opinion 786 F.2d 1177 (11th Cir. 1986); Reddy v. Commissioner,T.C. Memo. 1984-395↩, affd. by Court Order No. 85-1074 (4th Cir. August 29, 1985).
8. See Bayless v. Commissioner,T.C. Memo. 1986-113↩. 9. See Reddy v. Commissioner,supra,↩ at note 7.