MICHAEL W. SUNDERMEIER AND GRACE A. SUNDERMEIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sundermeier v. Commissioner
Docket No. 14512-84.
United States Tax Court
T.C. Memo 1987-50; 1987 Tax Ct. Memo LEXIS 215; 52 T.C.M. (CCH) 1499; T.C.M. (RIA) 87050; January 22, 1987. Irving E. Fasan, for the petitioners. J. Anthony Hoefer, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: The proceedings in this case were conducted pursuant to section 7456(d)(3) of the Code (redesignated sec. 7443A(b)(3) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) [1] and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure.[2]
*217 Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $2,744.18. The sole issue for decision is whether petitioners are entitled to a residential energy credit in that amount under section 44C. [3]
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners resided in Omaha, Nebraska, at the time they filed the petition in this case. During 1980, petitioners had a well dug at their residence and a water source heat pump installed for use in heating and cooling their home. The well was dug 144 feet deep and was located approximately 32 feet southeast of petitioners' residence. The source was underground water having a temperature of 14 degrees Celsius (57 degrees Fahrenheit) at the wellhead. The heat pump extracted dry heat from the ground water by the use of freon in order to heat the home during the winter. Petitioners contracted for the installation *218 of the well and the water source heat pump on July 1, 1980. By September 17, 1980, petitioners had fully paid for the total cost of the well, heat pump and related components in the amount of $6,856.92. In general, section 44C allows an income tax credit of 40 percent of expenditures made with respect to renewable energy source property, and on their joint Federal income tax return petitioners claimed a geothermal energy credit of $2,744.18. Respondent disallowed the credit, contending that petitioners' water source heat pump system did not satisfy the definition of renewable energy source property pursuant to section 44C(c)(5), since the system did not transmit or use energy derived from a "geothermal deposit." Section 1.44C-2(h), Income Tax Regs., defines "geothermal deposit" for purposes of section 44C(c)(5)(A)(i) as a geothermal reservoir having a temperature exceeding 50 degrees Celsius as measured at the wellhead. The final regulations were published on August 29, 1980, after petitioners had installed and almost totally paid for their system. Petitioners' water source had a temperature of 14 degrees Celsius. Prior to installing the water source heat pump system, petitioners *219 used oil to heat their home and had no air conditioning. Their aim was to switch from the use of fossil fuels to a more energy efficient system. A primary factor in their decision to make the change was the availability of the residential energy credit. At the time they made this change, neither section 44C itself nor section 613(e)(3), which defines "geothermal deposit," had a water temperature requirement. Petitioners were unaware that pursuant to section 44C(c)(6)(A)(i), proposed regulations with respect to renewable energy source property and the energy tax credit had been published in the Federal Register on May 23, 1979 (44 Fed. Reg. 29924 (1979)). The proposed regulations contained a 60-degree Celsius temperature requirement for a geothermal deposit. Petitioners relied upon the advice of a certified public accountant in installing their system, the opinion of an attorney published in a trade publication, and respondent's Publication 903, revised as of November 1979, for use in preparing 1979 tax returns. Petitioners telephoned their local Internal Revenue Service office and inquired whether there was any information available in addition to Publication 903 *220 (Rev. Nov. 79). They were told there was not. Petitioners relied on the following statements in Publication 903 (Rev. Nov. 79) as qualifying their planned installation of the water source heat pump system for the energy credit: The renewable energy source property, to qualify, must be new, must be expected to last at least 5 years, and must meet certain performance and quality standards to be set by the Secretary of the Treasury. As of the date of this publication, no performance and quality standards have been issued. However, the property does not have to meet the standards if you buy it before the standards are published. The cost of renewable energy source equipment includes labor cost properly allocable to the on-site preparation, assembly, or installation of the equipment. * * * Geothermal energy property is equipment that uses geothermal energy to heat or cool the home or to provide hot water for use within the home. This is done by distributing or using geothermal deposits. A geothermal deposit is a geothermal reservoir containing natural heat stored in rocks, water, or vapor. For example, hot springs are a geothermal deposit. Petitioners interpreted the above *221 statements to mean that no standards had been specified for determining either what constituted a geothermal deposit or what constituted equipment that qualified as geothermal energy property. They believed that since they purchased and installed their system before such standards were issued, their system qualified for the energy credit. Petitioners now contend: (1) that section 1.44C-2(h), Income Tax Regs., is invalid as contrary to Congressional intent in using the term "geothermal deposit;" (2) that the retroactive application of the regulation is an abuse of discretion on the part of respondent; (3) that the regulation is interpretative rather than legislative in nature; (4) that respondent has estopped himself from applying section 1.44C-2(h), Income Tax Regs., to petitioners or, in the alternative, that this Court should estop respondent from applying the regulation to their case; and (5) that Reddy v. Commissioner,T.C. Memo. 1984-395, affd. per order (4th Cir., Aug. 29, 1985), has no precedential value as applied to their case, is easily distinguishable from their case, and is invalid since it relies on section 1.44C-2(h), Income Tax Regs., which *222 is itself invalid. The issues presented are identical to those considered in Peach v. Commissioner,84 T.C. 1312 (1985), on appeal (4th Cir., Sept. 13, 1985), and we will apply our holding in that case to the case at bar. In Peach, the taxpayers installed a water source heat pump system in 1980, relying on Publication 903 (Rev. Nov. 79) and advice from an agent of respondent. The water used in the taxpayers' system had a year-round temperature of 15.56 to 18.33 degrees Celsius. Respondent disallowed an energy tax credit and the taxpayers petitioned this Court, arguing alternatively that section 1.44C-2(h), Income Tax Regs., was unreasonable or that respondent's retroactive application of the regulation was arbitrary. We noted in Peach that where regulations are issued pursuant to specific statutory authority, they are legislative in nature and are entitled to great weight. Olson v. Commissioner,81 T.C. 318, 323 (1983); Wing v. Commissioner,81 T.C. 17, 28 (1983). Section 44C(c)(6)(A)(i) gives the Secretary specific statutory authority to issue regulations establishing criteria which are to be used in prescribing performance *223 and quality standards for renewable energy source property. Thus, section 1.44C-2(h), Income Tax Regs., must be sustained unless unreasonable and plainly inconsistent with section 44C. In Peach we specifically addressed the issue of the validity of the regulations and held that the minimum temperature requirement of 50 degrees Celsius for a geothermal deposit was a reasonable interpretation of Congressional intent in enacting section 44C. Peach v. Commissioner,supra at 1317. [4] We must also so hold here. The taxpayers in Peach had interpreted Publication 903 (Rev. Nov. 79) to mean that no standards had been specified for determining what constituted a geothermal deposit and argued that the retroactive application of the regulation to their situation was arbitrary. *224 We noted that this Court viewed the standards referred to in the publication as standards regarding equipment and not standards for defining a geothermal deposit. We stated that since there was public notice in the proposed regulations (published in May 1979) that the definition of a geothermal deposit would contain a temperature requirement, this was "not a case of a regulation which was changed after petitioner had relied upon the prior regulation." Additionally, we pointed out that section 7805(b) authorizes respondent to apply regulations retroactively and "except in unusual circumstances, making a regulation retroactive is not an abuse of discretion by the Commissioner." Peach v. Commissioner,supra at 1318. [5] The same holds true in the present case, and the retroactive application of section 1.44C-2(h), Income Tax Regs., to petitioners' system is not an abuse of respondent's authority.
Petitioners' estoppel argument fails on the same grounds. As stated above, in our view the pertinent language of Publication 903 (Rev. Nov. 79) is not contrary to the temperature requirement *225 for a geothermal deposit mandated by the regulation. Even if petitioners were reasonable in their belief that the passage they quote from the publication meant that there was no temperature standard for geothermal energy property, that fact does not estop respondent from applying the temperature requirement to their system. "[A]ny interpretation by taxpayers of the language used in government pamphlets [cannot] act as an estoppel against the government." Adler v. Commissioner,330 F.2d 91, 93 (9th Cir. 1964), affg. a Memorandum Opinion of this Court. See also Carpenter v. United States,495 F.2d 175, 184 (5th Cir. 1974); compare Gehl Co. v. Commissioner,795 F.2d 1324, 1333 (7th Cir. 1986) (pamphlet contained promise of prospective application). While it is unfortunate that petitioners were not alerted to the proposed regulations published in May of 1979 when they called their local Internal Revenue Service office, it is well established that respondent is not bound by the advice of his agents but must follow the statutes, regulations, and case law. Dixon v. United States,381 U.S. 68, 72-73 (1965); *226 Neri v. Commissioner,54 T.C. 767 (1970). Lastly, we do not find it necessary to discuss or distinguish our holding in Reddy v. Commissioner,supra, since our decision is based on our holding in Peach v. Commissioner,supra.
Although petitioners' desire to conserve energy is commendable and their water source heat pump system is energy efficient, petitioners do not qualify for the residential energy credit under section 44C and section 1.44C-2(h), Income Tax Regs. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. ↩
2. This case was originally filed as a small tax case as provided for in section 7463. On April 29, 1985, counsel for petitioners moved the Court to remove this case from the small case category and by order the Court granted the motion.↩
3. Section 44C↩ was redesignated as section 23 by section 471(c) of the Deficit Reduction Act of 1984, 98 Stat. 494, 826, for taxable years beginning after December 31, 1983.
4. See also Caldwell v. Commissioner,T.C. Memo. 1986-301; Burk v. Commissioner,T.C. Memo. 1986-233; Hickey v. Commissioner,T.C. Memo. 1986-186; Chiple v. Commissioner,T.C. Memo. 1986-114; Bayless v. Commissioner,T.C. Memo. 1986-113; and Zaccaro v. Commissioner,T.C. Memo. 1986-82↩.
5. See also Burk v. Commissioner,T.C. Memo. 1986-233↩.