JAMES D. & BETTY J. COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 21253-84.
United States Tax Court
T.C. Memo 1987-455; 1987 Tax Ct. Memo LEXIS 452; 54 T.C.M. (CCH) 467; T.C.M. (RIA) 87455; September 10, 1987; As amended September 16, 1987 James D. Cox, pro se. Scott Anderson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $ 2,304.00 in petitioners' joint 1980 Federal income tax. The sole issue for determination is whether petitioners are entitled to a residential energy credit under section 44C(a)(2). [1]
*454 Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Norfolk, Virginia, when they filed their joint 1980 Federal income tax return and when they filed their petition in this case. On August 24, 1980, petitioners entered into a contract with AAA Heating and Cooling Company (AAA) of Virginia Beach, Virginia, to install a water source heat pump system (system) in their residence. The system consists of two 53-foot deep wells, water pump, air ducts, registers, compressor, breaker boxes, and thermostats and associated electric circuits. The system operates to heat and cool their residence by exchanging heat to and from underground water from a depth of 53 feet. The average wellhead temperature of the water source used in petitioners' system is 16.6 degrees Celsius. Prior to the installation of the system, petitioners' residence employed a natural gas fired hot water boiler heating system and refrigerant type window cooling units. The installation was completed and the system placed in operation on September 7, 1980, at a total cost of $ 5,760.00. Petitioners' *455 heating and cooling costs have been reduced by an average of 50 percent or more yearly as a result of the system. AAA assured petitioners that their system qualified for a residential energy credit under section 44C. Petitioners subsequently claimed this credit on their 1980 Federal income tax return. Petitioners did not claim a credit under section 44C for any year prior to 1980. Petitioners contend that they qualify for the residential energy credit of section 44C since the energy used by their system to provide heat and cooling is from a geothermal deposit as that term is used in section 44C(c)(5). Petitioners recognize that the system is not geothermal energy property as defined in section 1.44C-2(h), Income Tax Regs., but argue that this regulation is invalid as an unconstitutional delegation of the legislative power of Congress and for being in conflict with the intent of the statute. Petitioners also object to the retroactive application of the regulation. Respondent contends that the regulation is valid and applies to petitioners. Accordingly, respondent contends that the system is not geothermal energy property. Section 44C(a)(2) generally provides that an individual *456 taxpayer shall be allowed a credit for qualified renewable energy source expenditures. A renewable energy source expenditures must be made with respect to renewable energy source property. Sec. 44C(c)(2)(A). Renewable energy source property specifically includes certain property which transmits or uses energy derived from geothermal deposits. Sec. 44C(c)(5). [2]
Section 44C(6)(A)(i) specifically authorizes the Secretary to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. The Secretary has issued regulations for geothermal energy property which provide, in pertinent part: (h) Geothermal energy property. The term "geothermal energy property" means equipment (and parts solely related *457 to the functioning of such equipment) necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. With respect to expenditures made after December 31, 1979, the term "geothermal energy property" also means equipment (and parts solely related to the functioning of such equipment) necessary to transmit or use energy from a geothermal deposit to produce electricity for use within the dwelling. Equipment such as a pipe that serves both a geothermal function (by transmitting hot geothermal water within a dwelling) and a non-geothermal function (by transmitting hot water from a water heater within a dwelling) does not qualify as geothermal property. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot spring (where no well is drilled), at the intake to the distribution system. [Sec. 1.44C-2(h), Income Tax Regs.; emphasis added.] [3]
*458 The Supplementary Information relating to the regulations explains that the 50 degree Celsius temperature limitation was included in the final regulations for the following reasons: Several comments suggested that the definition of geothermal deposit be revised either by deleting the 60 degree Celsius temperature limitation or by lowering the temperature limitation. The temperature limitation has been lowered to 50 degrees Celsius. It has been concluded that 50 degree Celsius is an appropriate measure for determining whether heat is derived from geothermal reservoirs (heated by the earth's magma) or is derived from heat associated with ground water that is affected by atmospheric temperatures. [T.D. 7717, 1980-2 C.B. 7,9.] [4]
*459 Petitioners have stipulated that the wellhead temperature of the water source is 16.6 degrees Celsius, far short of that required by the regulation. Absent the regulation's being invalid pursuant to petitioners' claims, petitioners clearly do not quality for the residential energy credit. Petitioners' first contention is that the regulation is invalid as an unconstitutional delegation of legislative powers. It is well established that Congress may invest the Secretary of Treasury with authority to prescribe regulations not inconsistent with law and that such delegation is not unconstitutional. Sec. 7805(a); Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916). Accordingly, we reject petitioner's argument. Petitioners also contend the regulation is invalid as it is contrary to the intent of the statute. Regulations promulgated pursuant to specific statutory authority are legislative in nature and are given great weight by this Court. Wing v. Commissioner,81 T.C. 17, 28 (1983). If consistent with the statutory authorization adopted pursuant to proper procedure, and reasonable, they have the force of law. Anderson, Clayton & Co. v. United States,562 F.2d 972, 976 (5th Cir. 1977), *460 cert. denied 436 U.S. 944 (1978). Such legislative regulations must be sustained unless plainly inconsistent with the statute they are intended to implement. Olson v. Commissioner,81 T.C. 318, 323 (1983). Petitioners' argument that the regulation does not reflect the intention of Congress has been previously considered in cases with facts similar to those present here and rejected by this Court. Peach v. Commissioner,84 T.C. 1312 (1985), affd. without published opinion 805 F.2d 393 (4th Cir. 1986). [5] We need not elaborate on this issue. Petitioners' objection to the retroactive application of the regulation also has been considered and rejected by this Court. In Peach v. Commissioner, supra, the Court observed *461 that under section 7805(b) respondent may apply regulations retroactively unless otherwise specified. The Court further noted that "except in unusual circumstances, making a regulation retroactive is not an abuse of discretion by the Commissioner." Peach v. Commissioner, supra at 1318. Petitioners requested a waiver of all interest due on the deficiency. This Court has limited jurisdiction and generally interest is not within our jurisdiction. Standard Oil Company v. McMahon,244 F.2d 11, 13 (2d Cir. 1957); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975). But see Estate of Baumgardner v. Commissioner,85 T.C. 445 (1985). We, therefore, cannot grant petitioners the relief they seek. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue. Sec. 44C has been redesignated as sec. 23 by sec. 471(c), Deficit Reduction Act of 1984, 98 Stat. 826. This change is effective for taxable years beginning after December 31, 1983. Sec. 475(a), Deficit Reduction Act of 1984, 98 Stat. 847. On July 16, 1987, new final regulations were adopted. 52 Fed. Reg. 26667 (1987). In general, the redesignations, revisions, and amendments are effective for taxable years beginning after Dec. 31, 1983. As a result, the final regulations will be referred to under the old designation of sec. 1.44C-1↩. However, some revisions do affect the taxable year at issue before us and are duly noted herein. 2. This property must be installed in connection with a dwelling for the purpose of heating or cooling or providing hot water or electricity for use in the dwelling, the original use must commence with the taxpayer, the property must reasonably be expected to remain in operation for five years, and the property must meet quality and performance standards prescribed by the Secretary. Sec. 44C(c)(5). ↩
3. On May 23, 1979, proposed regulations were published in the Federal Register (44 Fed. Reg. 29924, 29928 (1979)). Sec. 1.44C-2(h) of these proposed regulations defined geothermal energy property as using heat from an underground source having a temperature exceeding 60 degrees Celsius. The former final regulation was promulgated on November 29, 1980, and was the same as the May 23, 1979, proposed regulation with the exception that the geothermal liquid or vapor was to have a temperature exceeding 50 degrees Celsius at the wellhead. On July 16, 1987, proposed amendments to secs. 1.44C-1 through 1.44C-6, Income Tax Regs., were adopted. Additions were made to sec. 1.44C-2(h); however, the 50 degree Celsius temperature limitation was not changed. See T.D. 8146, 52 Fed. Reg. 26667, 26671↩ (1987).
4. Additionally, sec. 1.44C-2(e)(1), Income Tax Regs., states that: Renewable energy source property does not include heating or cooling systems, nor systems to provide hot water or electricity, which serve to supplement renewable energy source equipment in heating, cooling, or providing hot water or electricity to a dwelling unit, and which employ a form of energy (such as oil or gas) other than solar, wind, or geothermal energy (or other forms of renewable energy provided in paragraph (e)(2) of this section. Thus, heat pumps or oil or gas furnaces, used in connection with renewable energy source property, are not eligible for credit. * * * [Emphasis added.]
The proposed amendments adopted July 16, 1987, changed the wording of the first sentence. The second sentence is unchanged. See 52 Fed. Reg. 26667, 26671↩ (1987).
5. See also Laxson v. Commissioner,T.C. Memo. 1986-291; Burk v. Commissioner,T.C. Memo. 1986-233; Rabenhold v. Commissioner,T.C. Memo 1985-309, affd. without published opinion 786 F.2d 1177 (11th Cir. 1986); Reddy v. Commissioner,T.C. Memo. 1984-395↩, affd. by Court Order No. 85-1074 (4th Cir., Aug. 29, 1985).